Plaintiffs-appellants Michelle Haga and William Haga appeal the April 3, 1998 Judgment Entry of the Tuscarawas County Court of Common Pleas granting the Amended Motion to Stay and to Compel Arbitration of Green Tree Financial Servicing Corporation (Green Tree) and the memorandum in support filed by defendants-appellees Martin Homes, Inc. (Martin) and Champion Home Builders Company (Champion); and staying the proceedings pending the outcome of arbitration defendant-appellee.
 STATEMENT OF THE FACTS AND CASE
On June 2, 1996, appellants met with a representative of Martin to discuss the purchase of a mobile home to be used for residential purposes. On that same day, appellants signed a purchase agreement with Martin agreeing to purchase a mobile home manufactured by Champion. In addition, appellants paid $1,488 toward the down payment and completed a credit application in order to obtain financing for their purchase. On June 4, 1996, and June 9, 1996, appellants paid additional sums to Martin as part of the down payment.
On June 18, 1996, appellants executed a Manufactured Home Retail Installment Contract and Security Agreement (hereinafter "the Contract") which designates Martin as the seller and Green Tree as the assignee of the Contract. The Contract provides for arbitration as follows:
 ARBITRATION: All disputes, claims or controversies arising from or relating to this Contract or the parties thereto shall be resolved by binding arbitration by one arbitrator selected by you with my consent. This agreement is made pursuant to a transaction in interstate commerce and shall be governed by the Federal Arbitration Act at 9 U.S.C. Section 1. Judgment upon the award rendered may be entered in any court having jurisdiction. The parties agree and understand that they choose arbitration instead of litigation to resolve disputes. The parties understand that they have a right to litigate disputes in court, but that they prefer to resolve their disputes through arbitration, except as provided herein. THE PARTIES VOLUNTARILY AND KNOWINGLY WAIVE ANY RIGHT THEY HAVE TO A JURY TRIAL EITHER PURSUANT TO ARBITRATION UNDER THIS CLAUSE OR PURSUANT TO A COURT ACTION BY YOU (AS PROVIDED HEREIN). The parties agree and understand that all disputers arising under case law, statutory law and all others laws including, but not limited, all contract, tort and property disputes will be subject to binding arbitration in accord with this Contract. The parties agree that the arbitrator will have all powers provided by law, the Contract and the agreement of the parties. These powers shall include all legal and equitable remedies including, but not limited to, money damages, declaratory relief and injunctive relief. Notwithstanding anything hereunto the contrary, you retain an option to use judicial (filing a lawsuit) or non-judicial relief to enforce a security agreement relating to the Manufactured Home secured in a transaction underlying this arbitration agreement, to enforce the monetary obligation secured by the Manufactured Home or to foreclose on the Manufactured Home. The institution and maintenance of a lawsuit to foreclose upon any collateral, to obtain a monetary judgment or to enforce the security agreement shall not constitute a waiver of the right of any party to compel arbitration regarding any other dispute or remedy subject to arbitration in this Contract, including the filing of a counterclaim in a suit brought by you pursuant to this provision.
Subsequent to June 18, 1996, Champion delivered appellants' mobile home to Martin, which in turn delivered the mobile home to appellants. Pursuant to Champion's warranty, Martin inspected and completed a checklist warranting the home was of good quality. Shortly thereafter, appellants began to notice problems and defects with the mobile home. As per the requirements of Champion's limited warranty, appellants reported the situation to Martin. Both Martin and Champion attempted to repair the defects, but were unable to do so.
On June 16, 1997, appellants filed a complaint in the Tuscarawas County Court of Common Pleas naming Martin, Champion, and Green Tree as defendants. Appellants alleged breach of express and implied warranties, and violations of Ohio's Retail Installment Sales Act, Ohio's Consumer Sales Practices Act, the Truth-in-Lending Act, and the Magnuson-Moss Act. On July 7, 1997, Green Tree filed a Motion to Dismiss and to Compel Arbitration asserting the dispute between the parties was subject to mandatory arbitration as provided in paragraph 13 of the Contract. On July 18, 1997, appellants requested the trial court stay the proceedings in the matter until this Court decided Ishmael v. Dutch Housing, Inc. (Aug. 13, 1997), Tusc. App. No. 96AP100084. Via Judgment Entry dated July 29, 1997, the trial court granted appellants' request for stay and deferred ruling on Green Tree's motion until this Court decidedIshmael.
After this Court decided Ishmael, appellants filed a memorandum in opposition to Green Tree's motion. On November 5, 1997, Green Tree filed an Amended Motion to Stay and to Compel Arbitration. Martin and Champion separately filed memoranda in support of Green Tree's motion. Via Judgment Entry dated December 16, 1997, the trial court found it could not and should not rule dispositively upon the pending motions until appellants filed a written election of remedies. The trial court stated, if appellants elected recission, the court would retain jurisdiction to decide the enforceability of the Contract. However, if appellants chose to retain the Contract and seek money damages arising therefrom, the court would grant appellees' motions for stay and refer the matter to binding and final arbitration. Subsequently, on December 31, 1997, appellants filed an Election of Recission and Request for the Escrowing of All Future Contract Payments.
During a telephone conference call on January 12, 1998, appellees made oral motions for reconsideration of the trial court's December 16, 1997 Judgment Entry, which the trial court granted over objections from appellants. The trial court established a briefing schedule for the filing of memoranda in support of and in opposition to the oral motions for reconsideration. The parties submitted their briefs accordingly. Via Judgment Entry dated April 3, 1998, the trial court found the orders contained in its December 16, 1997 Judgment Entry were improvidently entered and vacated the same. Following this Court's decision in Ishmael, supra, the trial court granted Green Tree's amended motion to stay and compel arbitration, in which Martin and Champion joined. The trial court ordered the proceedings stayed and the dispute to be arbitrated pursuant to the contract.
It is from this judgment entry appellants appeal, raising the following assignments of error:
 I. THE TRIAL COURT ERRED IN REQUIRING ARBITRATION WHEN STATUTORY GROUNDS EXIST TO REVOKE THE CONTRACT CONTAINING THE ARBITRATION PROVISION.
 II. THE TRIAL COURT ERRED IN NOT FINDING THAT THE STANDARDIZED ADHESIVE ARBITRATION PROVISION AT ISSUE IS PROCEDURALLY AND SUBSTANTIVELY UNCONSCIONABLE AND THUS UNENFORCEABLE.
 III. THE TRIAL COURT ERRED BY NOT AFFORDING THE HAGAS A REASONABLE OPPORTUNITY TO PRESENT EVIDENCE AS TO THE CONTRACT'S COMMERCIAL SETTING, PURPOSE AND EFFECT AS REQUIRED BY R.C. 1302.15(B).
 IV. THE TRIAL COURT ERRED IN COMPELLING THE HAGAS TO ARBITRATE THEIR WRITTEN WARRANTY CLAIMS AGAINST CHAMPION, EVEN IF THE COURT DETERMINES THAT THE ARBITRATION PROVISION IS CONTROLLING.
 II
In their second assignment of error, appellants maintain the trial court erred in failing to find the arbitration provision at issue to be procedurally and substantively unconscionable; therefore, unenforceable.
"An arbitration clause in a contract is generally viewed as an expression that the parties agree to arbitrate disagreements within the scope of the arbitration clause, and, with limited exceptions, an arbitration clause is to be upheld just as any other provision in a contract should be respected."Williams v. Aetna Fin. Co. (1998), 83 Ohio St.3d 470, 471
(Citation omitted).
R.C. 2711.01(A) provides:
 A provision in any written contract, * * * to settle by arbitration a controversy that subsequently arises out of the contract, or out of the refusal to perform the whole or any part of the contract, or any agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, or arising after the agreement to submit, from a relationship then existing between them or that they simultaneously create, shall be valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract.
(Emphasis added).
Furthermore, R.C. 2711.03 provides the trial court may proceed to try the action when the making of the arbitration clause is itself at issue:
 The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the agreement. If the making of the arbitration agreement or the failure to perform it is in issue, the court shall proceed summarily to the trial thereof.
(Emphasis added).
Green Tree, Martin, and Champion argue appellants' unconscionability argument must fail in light of this Court's decision in Ishmael, supra. In Ishmael, supra, this Court reviewed an arbitration provision virtually identical to and under circumstances virtually the same as the provision and circumstances at issue herein. This Court found "the trial court did not err in finding the matters raised by the [plaintiff-appellant's] complaint[1] to be subject to R.C. Chapter 2711."
In the instant action, the trial court found "the facts and legal issues presented for decision * * * in this case are not sufficiently divergent from the facts and legal issues presented in the Ishmael v. Dutch Housing, Inc., et al. case * * * and, consequently, the Court's decision in Ishmael should be followed in this case." April 3, 1998 Judgment Entry at 3. Although we recognize the similarities between the facts and legal issues presented in the case sub judice and the facts and legal issues presented in Ishmael, supra, we believe appellants' arguments warrant reconsideration in light of the Ohio Supreme Court's decisions in ABM Farms, Inc. v. Woods
(1998), 81 Ohio St.3d 498; and Williams v. Aetna Fin. Co.,supra, both of which were decided subsequent to Ishmael, supra.
In ABM Farms, supra, the Supreme Court addressed the issue of whether a claim in a contract containing an arbitration clause was induced by fraud could defeat a motion to compel arbitration pursuant to R.C. 2711.02. Id. at 500-501. The court held "To defeat a motion for stay brought pursuant to R.C.2711.02, a party must demonstrate that the arbitration provision itself in the contract at issue, and not merely the contract in general, was fraudulently induced." Id. at syllabus.
In reaching this decision, the ABM Farms Court stated:
 R.C. Chapter 2711 mirrors the federal [Arbitration Act] in its acknowledgment of the severability of the arbitration clause from the remainder of the contract. R.C. 2711.03 clearly provides that only when the making of the arbitration clause is itself at issue may the trial court proceed to try the action * * *
 R.C. 2711.01 more generally acknowledges that an arbitration clause is, in effect, a contract within a contract, subject to revocation on its own merits * * *
 Id. at 501.
The Supreme Court noted the trial court used "the proper standard to determine whether a stay should apply, framing the issue as whether the arbitration clause itself was fraudulently induced". Id. at 502. This language clearly indicates the Ohio Supreme Court's recognition of a trial court's authority to resolve an issue relative to the enforceability of an arbitration agreement.
Furthermore, in finding the trial court erred in finding the appellee had been fraudulently induced into signing the brokerage account acceptance form which contained an arbitration clause, the Supreme Court reviewed various aspects of the contract the appellee signed: the length ("about six sentences, comprising less than a quarter of a page"); the presentation of the arbitration provision ("not in fine print" and not "hidden"); and the content of the provision ("part of an industry standard" and not "out of the ordinary").Id. at 503. These aspects belied the appellee's claim of fraudulent inducement.
Six months later in Williams v. Aetna Fin. Co., supra, the Ohio Supreme Court addressed the issue of when an arbitration provision in a loan agreement is unenforceable. The plaintiff-appellee therein filed a complaint against the contractor she had hired to do home repairs[2] and Aetna Financial Company d.b.a. ITT Financial Services, the company through which she obtained financing, alleging violations of Ohio's Consumer Sales Practices Act and Home Solicitation Sales Act, breach of contract, and civil conspiracy. Id. at 467.
ITT filed a motion to compel arbitration pursuant to the arbitration clause contained in the loan agreement.[3] Id. The plaintiff-appellee opposed the motion on equity grounds, asserting the provision was unconscionable, deceptive, and unfair; therefore, unenforceable. Id. The trial court denied the motion to compel arbitration without stating a reason. Id.
The Court of Appeals for Hamilton County affirmed the trial court's ruling.[4] Id.
The Supreme Court reiterated the legal arbitration is encouraged as a matter to settle disputes, but added "the arbitration clause, contained in a consumer credit agreement with some aspects of an adhesion contract, necessarily engenders more reservations than an arbitration clause in a different setting, such as in * * * a brokerage agreement".Id. at 472. The Court noted "the presumption in favor of arbitration should be substantially weaker in a case such as this, when there are strong indications that the contract at issue is an adhesion contract, and the arbitration clause itself appears to be adhesive in nature." Id. at 473. The Court determined "the trial court's decision denying [the defendant-appellant's] motion to compel arbitration was tantamount to a finding that the agreement to arbitrate was invalid, and further that the arbitration provision was unconscionable" based upon the specific circumstances presented in the case. Id. This language reveals not only the authority of a trial court to determine the enforceability of an arbitration clause, but also an additional ground upon which a trial court could find an arbitration clause unenforceable, i.e., unconscionability.
We find appellants are not required to prove through arbitration proceedings the arbitration provision is unconscionable. In light of ABM Farms, supra, and Williams,supra, we find appellants' claims challenging the enforceability of the arbitration provision are ripe for determination by the trial court.
Accordingly, we remand this matter to the trial court to conduct a hearing on the issue of whether or not the arbitration clause is enforceable. In examining appellants' claims of procedural and substantive unconscionability, the trial court should look to ABM Farms, supra, and Williams,supra, for guidance.
Appellants' second assignment of error is sustained.
 I
In their first assignment of error, appellants contend the trial court erred in compelling arbitration when statutory grounds exist to revoke the Contract containing the arbitration clause. Specifically, appellants submit Ohio's Consumer Sales Practices Act and Retail Installment Sales Act provide them with statutory grounds upon which to revoke the Contract.
If, upon remand, the trial court finds the arbitration clause to be enforceable, we find the arbitrator can make a determination as to whether the Contract is revocable under the Consumer Sales Practices Act and/or the Retail Installment Sales Act. Because an arbitrator can resolve the issue of whether appellants may revoke the Contract, we find their election of recission as a remedy would not abrogate the effect of an enforceable arbitration provision.
Appellants' first assignment of error is overruled.
 III
In their third assignment of error, appellants assert the trial court erred in failing to afford them an opportunity to present evidence as to the commercial setting, purpose, and effect of the arbitration provision.
In light of our decision to remand the matter to the trial court in Assignment of Error II, we sustain appellants' third assignment of error.
 IV
In their final assignment of error, appellants argue, even if this Court finds the arbitration provision to be controlling, Champion cannot compel them to arbitrate their written warranty claims.
Because we have remanded the issue of the enforceability of the arbitration provision to the trial court, we find appellants' fourth assignment of error to be premature. If, upon remand, the trial court resolves the issue in favor of compelling arbitration, the issue would then become ripe for this Court to review.
The judgment entry of the Tuscarawas County Court of Common Pleas is reversed and the matter remanded to the trial court for further proceedings in accordance with this opinion and the law.
By: Hoffman, J., Wise, P.J. and Farmer, J. concur.
-----------------------
-----------------------
 ----------------------- JUDGES
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Tuscarawas County Court of Common Pleas is reversed and the case remanded to the trial court for further proceedings in accordance with this opinion and the law. Costs assessed to appellees.
-----------------------
-----------------------
 ----------------------- JUDGES
[1] The plaintiff-appellant asserted causes of action for breach of express and implied warranties, and violations of Ohio's Retail Installment Sales Act and Consumer Sales Practices Act.
[2] The contractor, who eventually went bankrupt, was never served with the complaint.
[3] The clause provided any dispute between the parties, "other than judicial foreclosures and cancellations regarding real estate security, * * * shall be resolved by binding arbitration." Id.
[4] The Supreme Court originally allowed an appeal, but later dismissed it as having been improvidently allowed. The case returned to the trial court where ITT again unsuccessfully attempted to compel arbitration. At the conclusion of a jury trial, the jury found in favor of the plaintiff-appellee. The Court of Appeals upheld the verdict. The Supreme Court allowed a discretionary appeal.